PHILLIP E. JOHNSON v. DANIEL G. NELSON
AND ANOTHER.

120 N. W. (2d) 333.

March 1, 1963—No. 38,788.

*Henry Levine,* for appellant.
*H. G. Haugland* and *H. C. Dalaker,* for respondents.

SHERAN, JUSTICE.

The appeal is from orders of the district court vacating a default judgment entered December 13, 1961, in favor of plaintiff and permitting an answer proposed by defendants to stand as if duly served. Also involved in the notice of appeal are ancillary orders relating to proceedings to secure satisfaction of the judgment.

The basic issue is whether the discretion of the trial court was exceeded by an order which sets aside a judgment allowing damages against defendants in the amount of $2,799.22, and canceling a contract for deed executed by the parties.

The essential facts are as follows:

Defendants were properly served on October 9, 1961, with a summons and complaint alleging that plaintiff was induced to enter a pur-

chase money agreement on February 15, 1960, and a contract for deed on March 1, 1960, by defendants' representation "that the premises were being operated as a multiple dwelling"; and that on August 23, 1961, plaintiff was advised by the city of Minneapolis that the applicable zoning ordinance prohibits the use or occupancy of the premises as a multiple dwelling and was ordered to convert the premises to a single dwelling. The complaint asks rescission of the contract and the sum of $5,395.90, representing a $1,500 downpayment; $765 paid to the vendors pursuant to the terms of the contract; $1,314.67 expended for repairs and maintenance; and payments made on the mortgage to which the realty was subject. Defendants delivered the summons and complaint to their attorney, H. C. Dalaker, who telephoned plaintiff's attorney, Henry Levine, obtaining from him an extension of time within which to file an answer. This was followed by unsuccessful attempts to settle the litigation. Telephone conversations between Mr. Levine and Mr. Dalaker preceding the entry of judgment on December 13, 1961, apparently resulted in a misunderstanding between the attorneys. According to Mr. Levine, Mr. Dalaker stated that unless the matter were disposed of not later than Friday, December 8, 1961, default judgment could be entered. The latter avers that on December 5, 1961, plaintiff's attorney stated that he would place the matter on the calendar if it were not settled by December 8, 1961, from which Mr. Dalaker inferred that he would be served a note of issue on that date. However, this misapprehension was corrected on December 8 when Mr. Levine informed Mr. Dalaker that he intended to secure a default judgment. Judgment was entered on December 13, 1961, pursuant to findings, conclusions, and order for judgment canceling the contract and awarding plaintiff $2,799.22 as damages.

On February 7, 1962, defendants' attorney obtained ex parte an order restraining execution proceedings pending a hearing on defendants' motion for an order vacating the default judgment and granting defendants leave to answer. The matter was heard before the Honorable Earl J. Lyons, judge of district court, on February 15, 1962. In support of defendants' motion the district court had for consideration, in addition to an affidavit by Mr. Dalaker explaining his delays,

a proposed unverified answer in which it was alleged (1) that the defendants, or their agents, had made no statements concerning the conformance or nonconformance of the realty with the building and zoning laws and (2) that the contractual obligation of the vendor to convey marketable title specifically excepts building and zoning laws, ordinances, and state and Federal regulations. With respect to plaintiff's claim that $1,314.67 was expended for repair and maintenance, the proposed answer denied information and put plaintiff to his proof.

By order dated March 7, 1962, defendants were granted leave to answer plaintiff's complaint conditioned upon the payment of $50 costs. It was directed that the judgment stand as security during the pendency of the action. On April 4, 1962, plaintiff's attorney served garnishment process on the Camden Northwestern State Bank of Minneapolis as a result of which the sum of $5,598.44 is being held by that bank pending the outcome of the main action. Upon this showing, the district court by order dated May 24, 1962, directed that the default judgment be vacated and the sum subject to garnishment be held as security during the pendency of the action. The $50 assessed as costs having been paid, the court directed that the proposed answer be treated as the answer interposed by defendants.

Rule 60.02, Rules of Civil Procedure, empowers the district court to relieve a party from a final judgment. The judicial discretion to be exercised in such cases is envoked by a showing that the party in default "(a) is possessed of a reasonable defense on the merits, (b) has reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party." Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. (2d) 454, 456.[1]

Since the plaintiff's cause of action is based on the theory that he

[1]The requirements of District Court Rule 22 with respect to an affidavit of merits to be made by the party in whose behalf relief is requested and the supporting affidavit to be made by his attorney may be waived by the district court. Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153.

entered the contract for deed in reliance on false representation made by defendants, the specific denial by defendants that the claimed assertions were made presents a reasonable defense.[2] While it is difficult to understand the failure of defendants' attorney to submit his answer within 20 days from the date of service of the complaint and his delay from December 13, 1961, until February 5, 1962, in preparing a motion to vacate the judgment, we are satisfied that the trial court's determination that the neglect was excusable is within the limits prescribed by the decisions of this court.[3] Substantial prejudice is avoided because the amount being held subject to garnishment as security during the pendency of the action ($5,598.44) is far in excess of the amount ($2,799.22) which the trial court found owing by defendants to plaintiff following the ex parte hearing preceding the default judgment.[4]

The imposition upon the time of the District Court of Hennepin County, already overburdened, which has resulted from the failure of defendants' attorney to answer the complaint within 20 days from the date of service (or to secure an adequate agreement extending this period) is one which could have been readily avoided. Reflection on this aspect of the matter should keep these situations to a minimum.

The orders appealed from are affirmed.

---

[2]See, Annotation, "Zoning or other public restrictions on the use of property as affecting rights and remedies of parties to contract for the sale thereof," 175 A. L. R. 1055.

[3]Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N. W. (2d) 800; Standard Oil Co. v. King, 238 Minn. 81, 55 N. W. (2d) 710; Bearman Fruit Co. v. Parker, 212 Minn. 327, 3 N. W. (2d) 501. See, Whipple v. Mahler, 215 Minn. 578, 10 N. W. (2d) 771 (dissenting opinion).

[4]For future reference we note that defendants' attorney has stipulated before this court that the action now noticed for trial in Hennepin County may be advanced on the trial calendar if the district court so directs to avoid any possible prejudice which might result from undue delay in reaching the merits of the controversy.