SHIRLEY NEWMAN v. ORREN C. FJELSTAD.

137 N. W. (2d) 181.

July 9, 1965—No. 39,535.

*Hoppe & Healy* and *Robert J. Healy,* for appellant.

*Sigal, Savelkoul, Cohen & Sween, Raul O. Salazar,* and *Harlan G. Sween,* for respondent.

NELSON, JUSTICE.

This appeal by defendant, Orren C. Fjelstad, is taken from a district court order which annulled, vacated, and set aside a prior order approving a minor settlement on September 30, 1946.

This case arose out of an automobile accident occurring on July 20, 1945. Shirley Kaiser, then a minor 7 years of age, was struck by an automobile owned and driven by defendant. The accident happened at the intersection of 37th Street and Lyndale Avenue South in Minneapolis while said minor was crossing 37th Street as a pedestrian.

The action was commenced by Shirley Kaiser, a minor, by Herbert Kaiser as father and natural guardian, a summons and complaint and note of issue being filed therein on September 24, 1945. A petition for approval of minor's settlement was filed September 30, 1946, together with a medical affidavit by Dr. Lloyd A. Whitesell, which read as follows:

"Lloyd A. Whitesell, being first duly sworn, on oath deposes and states that he is a duly licensed and regularly practicing physician and surgeon with offices at 4303 Bryant Avenue South, Minneapolis, Minnesota.

"That affiant attended one Shirley Kaiser, age seven, for injuries received when struck by an automobile on the 20th day of July, 1945. A diagnosis of her injuries was made on the 24th day of July, 1945 as follows: Fracture through the middle one-third of the left femur and of the left clavical.

"Upon examination made by affiant on the 5th day of March, 1946, there was no real or apparent shortening of the left leg. Range of motion at the hip was 100% and range of flexion at the knee was 90% of normal.

"That said Shirley Kaiser has fully recovered from the injuries which she sustained in said automobile accident without permanent disability."

The order approving settlement for minor's personal injuries, dated September 30, 1946, included the following:

"It is ordered, that Herbert Kaiser as father and natural guardian of

Shirley Kaiser, a minor, be, and he hereby is authorized and directed to compromise and settle said minor's claim for personal injuries and damages against the defendant Orren Fjelstad arising out of an automobile accident which occurred on the 20th day of July 1945, for the sum of $750.00, and that said Herbert Kaiser be, and he hereby is authorized and directed to execute and deliver releases and dismissals necessary to effect said settlement."

This was accompanied by a stipulation of dismissal also dated September 30, 1946, and signed by attorneys for both parties.

Plaintiff suffered no repercussions from the injury until 1953, seven years after the settlement was effected. She was then 14 years of age. Surgery was performed on her left thigh and plaintiff was relieved of further difficulty until 1962. She married Frank Newman on September 6, 1958, and became 21 years of age on April 23, 1959.

In 1962 plaintiff began to notice pains in her left leg. X rays were taken but these revealed nothing. In April 1963 plaintiff again encountered pain in her left leg but this again vanished. Later, in July and August 1963 plaintiff encountered sharp pains in her left leg and upon advice of her doctor entered the hospital. Her difficulty was then diagnosed as chronic osteomyelitis. Plaintiff was released August 17, 1963, but on October 18, 1963, she entered another hospital and underwent an operation for chronic osteomyelitis.

On March 19, 1964, Herbert Kaiser, as father and guardian of Shirley Kaiser, now Mrs. Newman, moved the court for an order vacating and setting aside the order approving the minor settlement. It should be pointed out that this motion was made some 18 years after the settlement was effected. It will also be noted that at the time the parties moved for vacation of the order Mrs. Newman was about to reach the age of 26 years. Thus the motion was not made until approximately 5 years after she reached the age of 21.

The motion was supported by two affidavits by doctors, one by Dr. Whitesell, which states:

"That at the time your affiant made his affidavit of September 25, 1946, your affiant had never found any evidence of infection to Shirley Kaiser's left leg; that up to September 25, 1946, your affiant had

found no osteomyelitis in Shirley Kaiser; *that the possibility of osteomyelitis developing later could not have been foreseen by your affiant at the time when your affiant made his affidavit dated September 25, 1946.*

"That your affiant is informed that Shirley Kaiser, now known as Mrs. Shirley Newman, has developed osteomyelitis of the left leg as a result of her injuries due to the accident of July 20, 1945; that at the time of the original treatment of Shirley Kaiser by your affiant and at the time of the settlement of the above entitled case in the month of September, 1946 your affiant was of the opinion that no osteomyelitis existed; that had your affiant found osteomyelitis to be existent, your affiant would never have signed any affidavit to the effect that Shirley Kaiser had fully recovered and was without permanent disability as a result of the injuries suffered by her in her auto-pedestrian accident of July 20, 1945; that osteomyelitis is an altogether different condition and injury in its nature and character from a fracture of the femur; that osteomyelitis is a permanent condition and is of a far more serious nature and character, and will probably cause recurrent 'flare-ups' of osteomyelitis, which, in turn, will require hospitalization, surgery, medical and drug expenses; that the settlement of this case in the month of September, 1946 did not, so far as your affiant was concerned, contemplate or take into account any condition of osteomyelitis." (Italics supplied.)

The other affidavit was by Dr. Kenath H. Sponsel, an orthopedic surgeon. It refers to his having twice performed surgery on Mrs. Newman for her osteomyelitis condition in her left thigh on August 14, 1963, at Swedish Hospital and on October 18, 1963, at St. Barnabas Hospital, and of his having continued periodic observation and treatment until the date of his affidavit, March 18, 1964. He expresses the opinion that the osteomyelitis condition was directly related to the accident occurring on July 20, 1945. Dr. Sponsel also stated that—

"* * * chronic osteomyelitis is an altogether different condition and injury in its nature and character from a fracture of the femur; that chronic osteomyelitis is a permanent condition and is of a far more

serious nature and character, and will probably cause recurrent 'flare-ups' of osteomyelitis."

The motion to set aside and vacate the order approving the minor settlement was also supported by an affidavit by Mrs. Newman and one by her attorney. The order of the district court granting the motion also reinstated the action upon the trial calendar for trial by jury.

The question involved on this appeal is whether a court order approving a minor settlement can be annulled, vacated, and set aside on the grounds of claimed mutual mistake 18 years after the order of approval and 5 years after the statute of limitations would have ordinarily run against the minor. Was the motion timely when brought 11 years after the actual condition had been discovered? Another question seems to arise as to whether the osteomyelitis was a consequence of a known injury to the left thigh occurring July 20, 1945.

■ It is recognized that this court on many occasions has approved vacation of settlements of claims entered into on behalf of minors. A recent case is Spaulding v. Zimmerman, 263 Minn. 346, 352, 116 N. W. (2d) 704, 709, where this court said:

"The principles applicable to the court's authority to vacate settlements made on behalf of minors and approved by it appear well established. With reference thereto, we have held that the court in its discretion may vacate such a settlement, even though it is not induced by fraud or bad faith, where it is shown that in the accident *the minor sustained separate and distinct injuries which were not known or considered by the court at the time settlement was approved * * *.*" (Italics supplied.)

We have in certain cases approved orders vacating settlement when separate and distinct injuries were overlooked at the time of compromise on the theory that a mutual mistake induced such settlement. McGovern v. Lutz, 242 Minn. 397, 65 N. W. (2d) 637; Larson v. Stowe, 228 Minn. 216, 36 N. W. (2d) 601, 8 A. L. R. (2d) 455; Richardson v. Chicago, M. & St. P. Ry. Co. 157 Minn. 474, 196 N. W. 643.

■ In Richardson v. Chicago, M. & St. P. Ry. Co. *supra,* this court held that a release of damages for injuries sustained in an accident

may be set aside on the ground of mutual mistake where it clearly appears that a substantial injury, not discovered until after the settlement, had in fact been sustained in the accident and existed at the time of settlement. But the court also held in that case that such a release cannot be set aside on the ground that known injuries resulted in consequences not known and not expected when it was made and that the parties are presumed to have intended to settle all claims growing out of the injuries whether the aftereffects proved to be more or less serious than anticipated. In the Richardson case it was contended that the shock from the accident involved was a contributing cause in bringing on a disease called chronic interstitial nephritis and that this aftereffect of the injuries was not known when a settlement was made. This court said (157 Minn. 478, 196 N. W. 644):

"* * * This was not an unknown injury, but an unknown and unexpected consequence of the injury, and does not bring the case within the rule. To avoid such a release, the rule requires clear and convincing proof that a substantial injury, which was not discovered until after the settlement, had in fact been sustained in the accident and existed at the time of the settlement. *That unknown and unexpected consequences resulted from known injuries is not sufficient.*" (Italics supplied.)

The rule that a release of all claims for known injuries bars recovery for the unknown consequences of known injuries was reiterated by this court in Doud v. Minneapolis St. Ry. Co. 259 Minn. 341, 107 N. W. (2d) 521.

Based upon the record in the instant case we think it clear that the condition of osteomyelitis was at best an unknown consequence of a known injury at the time the minor settlement was entered into on September 30, 1946, and as such that development is not sufficient to warrant setting aside the settlement on the ground of mutual mistake. See, Aronovitch v. Levy, 238 Minn. 237, 56 N. W. (2d) 570, 34 A. L. R. (2d) 1306.

The court indicated in the Doud case, where vacation of a settlement was affirmed, that the injury which was not discovered until after the settlement must in fact have been sustained at the time of

the accident and have existed at the time of the settlement. In the instant case we think it clear that osteomyelitis did not actually develop until after the settlement. In fact there were no signs of its development until 7 years later according to the record.

In the case of Spaulding v. Zimmerman, *supra,* a 20-year-old minor was injured in an accident and commenced an action to recover for injuries sustained, which action was settled and a release executed. About 2 years later it was discovered that an aneurysm was present requiring surgery. Plaintiff, being then in his majority, brought an action to vacate the settlement. This was granted by the trial court and upon appeal this court affirmed. However, it appears that in that case the defense was aware at the time of the settlement that plaintiff had an aneurysm and that this awareness was kept from plaintiff and his attorney. In the instant case, on the other hand, there is no indication that osteomyelitis was present either shortly after the accident or at the time of settlement.

■ Rule 60.02, Rules of Civil Procedure, provides:

"On motion * * * the court may relieve a party * * * from a final judgment * * *, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), (3) not more than one year after the judgment, order, or proceeding was entered or taken."

Mr. Chief Justice Dell in the case of Sommers v. Thomas, 251 Minn. 461, 466, 88 N. W. (2d) 191, 195, involving the vacation of a default judgment under this rule, said:

"Clause (6) is couched in very broad terms. It gives to the court the power to relieve a party of a final judgment in the exercise of its sound discretion, subject only to two limitations: (1) The motion for relief must be made within a reasonable time and (2) relief may not be had under clause (6) when the grounds for granting it fall properly under clauses (1), (2), or (3), to which the one-year limitation applies. However, it must be recognized that a review of all the

facts in a given case might reveal some reasons which would justify relief under clause (1) and others which would justify relief under clause (6). *Thus relief under the latter would be available if it were sought within a reasonable time although it would be precluded under the former if the year had already elapsed."* (Italics supplied.)

This court stated in Spaulding v. Zimmerman, *supra,* that in that case the trial court did not abuse its discretion in vacating its order for settlement under Rule 60.02(6). We have already referred to the situation in the Spaulding case as one where concealment of certain facts rendered the stipulation of settlement vulnerable, the plaintiff and his counsel having been denied knowledge of certain facts that they were entitled to consider at the time of settlement. This court in the Spaulding case did not attempt to explain why clause (1) was not applicable. It merely said that under the circumstances the trial court had not abused its discretion when it vacated the stipulation under clause (6). It is defendant's contention herein that the vacation of the settlement is based on mistake and therefore comes within clause (1) and must be brought within one year from time of settlement. The trial court, however, indicated in its memorandum that clause (6) was applicable and therefore the one-year limitation did not apply.

The interpretation given by this court to Rule 60.02 in the Sommers case is in line with that given to Federal Rule 60(b), which is almost identical to our rule. In 7 Moore, Federal Practice (2 ed.) par. 60.27, pp. 300, 301, 306, it is stated:

"* * * Clause (6) does not confer a discretionary dispensing power upon the district court to grant relief on the basis of any reason enumerated in the preceding clauses * * *."

"The district court has power to grant relief when appropriate under certain power reserved to it by the Rule; when warranted by any of the clauses (1)-(5), which state the traditional and common grounds for relief; and, as stated in clause (6), for any other reason justifying relief from the operation of the judgment. Seen in this perspective, clause (6) is clearly a residual clause to cover unforeseen contingencies; intended to be a means for accomplishing justice in, what

may be termed generally, exceptional situations; and, so confined, does not put the finality of judgments at large generally."

"* * * If relief is sought on some reason other than those stated in clauses (1)-(5), relief may be granted under clause (6) *provided the reason justifies relief and the motion is made within a reasonable time.*" (Italics supplied.)

Counsel for defendant does not assert that this case possesses extraordinary circumstances which might take it out of clause (1) to bring it within clause (6). We are not aware of any such circumstances. Assuming that for some reason the instant case were to be taken out from under clause (1) and placed within clause (6), we would then be confronted with the question of whether the motion was made within a reasonable time. In making that determination Professor Moore states (7 Moore, Federal Practice [2 ed.] par. 60.27, p. 312):

"Since what is a reasonable time must be determined in light of all attendant circumstances, intervening rights, loss of proof by or prejudice to the adverse party, the commanding equities of the case, the general desirability that judgments be final and other relevant factors bear upon the problem."

In the instant case surgery was performed on plaintiff's left leg when she was 14 years of age—7 years after the settlement was effected. This was the first time that the existence of osteomyelitis had become known. It is fair to assume that at that time plaintiff's parents were fully informed by their doctor that osteomyelitis was then found to be present in their daughter's leg. It must have been plain to them that it had developed in the same area as the fractured femur. They appear to indicate that they did not realize that the settlement could be vacated.

Under all the circumstances it would strongly appear that defendant is justified in claiming that plaintiff is prevented from vacating the settlement and reviving the action. Her father and natural guardian made no attempt to vacate the settlement during a 7-year period following the operation of 1953 which disclosed the existence of osteomyelitis. Certainly any motion under Rule 60.02(6) is subject to the requirement that it must be made within a "reasonable time."

We must therefore conclude from the record presented that the right to move for a vacation of the minor's settlement is barred on both grounds set forth herein.

Reversed.