Laurie J. VOLKMAN (Ledebuhr), Petitioner, Appellant,

v.

Richard R. VOLKMAN, Respondent.

No. CO-86-884.

Court of Appeals of Minnesota.

Oct. 28, 1986.

Ann E. Merchlewitz, Asst. Winona Co. Atty., Winona, for appellant.

Jeff D. Bagniefski, Rochester, for respondent.

Considered and decided by WOZNIAK, SEDGWICK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Laurie Volkman appeals an order reducing a $3,544.96 judgment for child support arrearages to $2,000.00 contending that the order does not satisfy the standards for modification of judgments under Minn.R. Civ.P. 60.02. We vacate the amended judgment.

## FACTS

The marriage of Laurie Volkman (Ledebuhr) and respondent Richard R. Volkman was dissolved in 1976 and Laurie was awarded custody of their children ages thirteen and twelve; Richard was required to make $200 monthly support payments.

In 1982 a judgment was entered in favor of Winona County in the amount of $1,667.99 and in favor of Laurie in the amount of $600 for child support arrearages through June 1982. In 1984, when Richard was approximately $1,500 in arrears, he was ordered to pay $250 per month in child support including $50 on past due amounts. By the end of 1985 Richard was $3,544.96 in arrears.

Richard's income, because of unemployment as a carpenter, was minimal during 1983, 1984, and 1985. In 1983 he grossed approximately $3,000 from his farm. In 1984 he grossed approximately $800 from his farm and $6,200 from carpentry. In 1985 his gross income included approximately $150 from the farm and $2,500 from carpentry work. Richard currently is employed by a construction business.

In October 1985 Laurie asked the court to adjudge Richard in civil contempt for nonpayment of child support and reduce to judgment delinquent child support payments amounting to $3,544.96 through December 1985. Richard filed a Notice of Removal under Minn.R.Civ.P. 63.03 requesting removal of the judge who granted the prior child support relief on the grounds that he believed he could not have a fair trial because of alleged prejudice and bias. Despite the notice of removal, the judge presided over a hearing in which he ordered judgment for $3,544.96 against Richard, but stayed entry for ten days during which time Richard could "request a reconsideration of his support obligation." At the hearing, Laurie withdrew her request to have Richard held in contempt for nonpayment as long as Richard agreed to entry of judgment for $3,544.96 against him. Richard consented to the entry of judgment subject to his "right to reopen and ask for modification." He subsequently requested a reduction in child support and vacation of prior judgments for support arrearages.

The judge concluded that the court could best deal with the removal and substantive issues by entering a judgment and allowing Richard to present a request for modification or reduction to another judge. The parties' agreed to that resolution of the removal issue and a judgment against Richard for the sum of $3,544.96 was entered.

Richard's motion to vacate prior judgments for unpaid support was then heard by another judge who found that the judgment for $3,544.96 should be reduced to the sum of $2,000 "in order to do inherent and substantial justice to the parties, and in the interest of fundamental fairness to the respondent."

Laurie appealed contending that there were insufficient grounds under Minn.R. Civ.P. 60.02 to allow the reduction.

## ISSUE

Does the trial court's modification and reduction of a prior judgment entered meet the standards for modification of judgments under Minn.R.Civ.P. 60.02?

## ANALYSIS

The parties argue this appeal under Minn.R.Civ.P. 60.02 which states that a party may be relieved from a final judgment ("other than a divorce decree") and that a court may order a new trial or other relief for any of six reasons. The facts and documents in the record do not indicate that relief should be granted for any of the first five reasons because there has been no showing of: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct; 4) a void judgment; or 5) a judgment that has been satisfied, released or discharged, or which was based on a prior judgment that was reversed or otherwise vacated, or because prospective application of the judgment no longer is equitable. *See* Minn.R.Civ.P. 60.02. The parties argue the application of clause (6) which provides that a party may be relieved from a final judgment for "any other reason justifying relief from the operation of the judgment." *See id.*

Finality of judgments is the general policy consideration underlying Rule 60.02 and is "a value to be sedulously protected." *King v. Carroll*, 356 N.W.2d 449, 451 (Minn.Ct.App.1984). However, courts may grant relief from a final judgment under certain circumstances.

Clause (6) is couched in very broad terms. It gives to the court the power to relieve a party of a final judgment in the exercise of its sound discretion, subject only to two limitations: (1) the motion for relief must be made within a reason-able time and (2) relief may not be had under clause (6) when the grounds for granting it fall properly under clauses (1), (2), or (3), to which the one-year limitation applies.

*Sommers v. Thomas*, 251 Minn. 461, 466–67, 88 N.W.2d 191, 195 (1958) (footnote omitted). While relief is a discretionary matter with the courts, the supreme court has suggested that relief under Rule 60.02(6) is appropriate when circumstances are extraordinary or when unforeseen contingencies arise. *See, e.g., Anderson v. Anderson*, 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970) ("Rule 60.02(6) is a residual clause to cover any unforeseen contingency and it is exclusive of clauses (1) through (5)"); *Newman v. Fjelstad*, 271 Minn. 514, 521–22, 137 N.W.2d 181, 186 (1965) (citing commentary on analogous federal rules stating that "clause (6) is clearly a residual clause to cover unforeseen contingencies; intended to be a means for accomplishing justice in, what may be termed generally, exceptional situations").

We conclude that the judgment of January 16 for $3,544.96 was a valid and final money judgment which could not be reduced under Rule 60.02. The subsequent judgment by a replacement judge does not specifically mention the rule and no facts exist which would justify relief under the first five enumerated reasons under the rule. Likewise, clause (6) is inapplicable because there were no unforeseen contingencies and the circumstances were not extraordinary.

The January 16 judgment, which was agreed to by the parties, is a simple money judgment for unpaid child support; it expresses no reservations or conditions which would stay entry of judgment or allow for its subsequent modification regardless of the challenges to and the comments of the judge.[1] We conclude therefore that the judgment of March 11 reducing the January 16 judgment for $3,544.96 to $2,000 must be vacated. Unemployment and lim-

---

1. The judge noted at the January 3 hearing that "Mr. Volkman should be entitled to have a judge hear whatever new matter is proposed." The judge did not remove himself from hearing the case and stated that it was the court's "determination that a judgment should be entered."

ited income alone are not circumstances sufficiently compelling to warrant relief from a final judgment under Rule 60.02,[2] particularly when those circumstances were known by the court at the time of the initial hearing and judgment.

## DECISION

The March 11, 1986, judgment reducing the January 16, 1986, judgment of $3,544.96 to $2,000 is vacated.

Reversed.

2. We note two considerations. First, Rule 60.02 is an inappropriate means for modifying provisions of divorce decrees. We are reluctant to allow modification or reduction under Rule 60.-02 in this case. *See Lindsey v. Lindsey,* 388 N.W.2d 713, 716 n. 1 (Minn.1986). Second, The March 11 judgment does not comply with the statutory standards for modification of child support obligations because there were no express findings of fact with respect to changed circumstances or whether Richard's nonpayment was willful. There also were no express findings of fact with respect to the needs of the children. *See* Minn.Stat. § 518.64, subd. 2 (1984).