Nathan E. CHAPMAN, et al., Plaintiffs,

Rachael M. Rouse, a minor By and Through her mother and natural guardian, Celeste M. Rouse, Respondent,

v.

SPECIAL SCHOOL DISTRICT NO. 1, Petitioner, Gerald Grady, Petitioner, Appellants.

Nos. C2–89–979, C1–89–1007.

Supreme Court of Minnesota.

May 11, 1990.

---

Marshall H. Tanick, Denise L. Yegge, Mansfield & Tanick, Minneapolis, for Gerald Grady.

Marcus M. Baukol, Baukol, Nyberg & Thompson, St. Louis Park, for Special School Dist. No. 1.

Michael R. LaFleur, Robbinsdale, for respondent.

COYNE, Justice.

We granted the separate petitions of Gerald Grady and Special School District No. 1 to clarify the applicability and procedural limitations of Minn.R.Civ.P. 60.02 and its subparts in the context of the trial court's vacation of a judgment of dismissal of the plaintiff's action. In a split, but unpublished decision, a majority of the court of appeals affirmed, concluding that the motion to vacate was timely and that relief was available pursuant to Rule 60.-02(f). We reverse.

Rachael Rouse, a minor, commenced this action in early 1984 to recover damages occasioned by alleged sexual abuse perpetuated by her former teacher. The matter was dismissed with prejudice on April 30, 1985 after respondent's first attorney failed to comply with discovery orders. Plaintiff has now asserted that counsel failed to inform her of the dismissal and, in fact, told her "a number of times" that her action was proceeding in a timely fashion. She claims that she did not learn of the dismissal until the autumn of 1988 when she heard that her attorney had been suspended from the practice of law for failure to prosecute adequately and timely his clients' matters. *See In re Disciplinary Action against Truelson*, 427 N.W.2d 674 (Minn.1988). Rouse thereafter retained her present counsel to seek a vacation of the dismissal pursuant to Minn.R.Civ.P. 60.02. As we have indicated, the trial court granted the motion and a majority of the court of appeals panel affirmed.

Minnesota Rules of Civil Procedure 60.02 authorizes a trial court to vacate judgments in specified instances and provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from the final judgment * * * and may order a new trial or grant such other relief as may be just for the following reasons:
>
> (a) Mistake, inadvertence, surprise or excusable neglect;
>
> *    *    *    *    *    *
>
> (c) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> *    *    *    *    *    *
>
> (f) Any other reason justifying relief from the operation of the judgment.

■ Rule 60.02 authorizes two separate time periods within which a motion to vacate must be filed, imposing different time periods depending on the asserted basis for the vacation. The rule expressly provides that a motion to vacate based upon mistake, inadvertence or excusable neglect, clause (a), or for fraud, clause (c), must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." The one-year limit runs from the date the trial court enters its order, not from the date a party discovers the dismissal and is applicable to motions brought under clause (b) of that same rule, as well.

■ Motions brought pursuant to clauses (d), (e) and (f) must be brought within a "reasonable time." These motions are denied or granted at the discretion of the trial court after it considers the facts before it and after it has applied the four-factor test adopted in *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 30, 53 N.W.2d 454, 456 (1952). Here, the defendants contend that the plaintiff's motion falls properly within clause (a) and, because it was brought more than three years after the dismissal of the plaintiff's case, is untimely. We agree.

In her affidavit, the plaintiff's mother offers as a factual basis for the minor's motion to vacate her claim that she was misled by her attorney into believing that the matter was proceeding on schedule and that she was never informed until immediately before filing the motion that the complaint had been dismissed for her counsel's failure to comply with discovery orders.

■ Attorney misconduct has been characterized as "excusable neglect" under clause (a), to provide a basis for vacation of a dismissal, but only if the motion is brought within one year of dismissal. *Conley v. Downing*, 321 N.W.2d 36, 40 (Minn.1982); *Finden v. Klaas*, 268 Minn. 268, 271, 128 N.W.2d 748, 750 (1964). The motion based on excusable neglect is not timely if it is brought more than one year after entry of an order for dismissal even if the ground for the delay is reasonable. *See Ackermann v. United States*, 340 U.S. 193, 197, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950). This plaintiff's motion brought under clause (a) more than three years after the order of dismissal is not timely. A similar analysis determines the plaintiff's claim that the conduct of counsel was so egregious as to amount to "fraud" to fall within the remedial protection of clause (c);

however, that clause is designed to facilitate relief from the fraud of *the adverse party*, not one's own counsel, and in any event, a motion for relief pursuant to clause (c) would have been untimely as well.

The plaintiff alternatively seeks relief from the one-year limitation by contending that the conduct of her counsel falls within the broad clause (f). We cannot agree. Clause (f) has been designated as a residual clause, designed only to afford relief in those circumstances exclusive of the specific areas addressed by clauses (a) through (e). *Anderson v. Anderson,* 288 Minn. 514, 518, 179 N.W.2d 718, 722 (1970). Relief is available only under exceptional circumstances and then, only if the basis for the motion is other than that specified under clauses (a) and (e). *Simons v. Schiek's, Inc.,* 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966); *Sommers v. Thomas,* 251 Minn. 461, 467, 88 N.W.2d 191, 196 (1958). While the plaintiff's argument is sympathetic, her claim cannot be wedged under the broad protection of the residual clause (f) simply because she failed to bring a timely motion under the appropriate clause. The trial court erred in granting the untimely motion.

Reversed.