529 N.W.2d 514 (1995)
Donald GRAY, as Father and Natural Guardian of Kristine Gray, a Minor, et al., Respondents,
v.
FARMLAND INDUSTRIES, INC., Appellant,
George Longtin, et al., Defendants.
No. C1-94-2138.
Court of Appeals of Minnesota.
April 11, 1995.
Review Denied June 14, 1995.
*515 James E. Nicolai, Gjevre, McLarnan, Hannaher, Vaa, Skatvold & McLarnan, Moorhead, for respondents.
Gary J. Haugen, Mary R. Vasaly, Maslon, Edelman, Borman & Brand, Minneapolis, for appellant.
Considered and decided by HARTEN, P.J., HUSPENI and MANSUR,[*] JJ.

OPINION
MARTIN J. MANSUR, Judge.
Judgment approving minor settlement was entered in 1984 requiring Farmland Industries to purchase an annuity for the benefit of Kristine Gray. The payor of the annuity subsequently became insolvent, and the annuity was assumed by a successor insurer, with payments substantially lower than the intended benefits. In 1994, the trial court granted Kristine Gray's motion for relief from the 1984 judgment, amending the judgment to require that Farmland guarantee full payment of all benefits originally contracted for under the annuity. Farmland appeals.

FACTS
In October 1984, appellant Farmland Industries, Inc. entered into a settlement agreement with respondent Donald Gray, as father and natural guardian of Kristine Gray, a minor, after a jury awarded $200,000 for Kristine's injuries. The court approved the minor settlement, which obligated Farmland to make an initial cash payment of $82,500 and to deliver an annuity with $800 monthly payments beginning on Kristine's eighteenth birthday and certain other lump sum payments when Kristine reached other prescribed ages. In exchange, Donald Gray was required to "deliver to [Farmland] a satisfaction of said Judgment."
Farmland purchased an annuity from Executive Life Insurance Company of California (ELIC) and contracted for payments to Kristine Gray as set forth in the court's order. The payments commenced as scheduled when Kristine reached age 18.
In 1991, ELIC became insolvent. Beginning in April 1991, Kristine Gray has received reduced monthly payments and, to date, has received one reduced lump sum payment. In December 1993, Kristine Gray was informed that Aurora National Life Assurance Company would assume her annuity payments, but would pay only a smaller percentage of the amounts due.
In May 1994, Kristine Gray made a motion to the court seeking relief from the 1984 judgment and asking the court to compel Farmland to satisfy the underlying judgment by guaranteeing full payment of the annuity as set forth in the 1984 order. The trial court granted her motion, concluding that the 1984 order was ambiguous, that it had inherent authority to interpret its own judgment, and that the order should be construed to require Farmland to "make, or cause to be made, all remaining payments which shall become due and payable under the payment schedule set forth in the [1984 order]." Farmland challenges the trial court's ruling.

*516 ISSUE
Did the trial court err in amending the judgment to include a guarantee by Farmland that all annuity payments contracted for in the settlement would be paid in full?

ANALYSIS
Farmland argues that the trial court exceeded its authority under Minn.R.Civ.P. 60.02 by amending the 1984 judgment. Kristine Gray argues, first, that the trial court did not proceed under rule 60.02 and that its authority is based upon the court's inherent power to interpret or clarify its own judgments and, alternatively, that the court had authority to provide relief under rule 60.02(f).
In its order, the trial court acknowledged that this matter came before it pursuant to appellant's rule 60.02 motion. Its first conclusion of law, however, provides that "[t]he court has inherent power to clarify or interpret its orders," indicating that the court granted the relief pursuant to its inherent authority, not rule 60.02.
Kristine Gray argues that the 1984 order contains a guarantee by Farmland that the annuity payments will be made in full. Farmland argues that the order is not ambiguous, so it needed no clarification, and that there is no room for an interpretation that requires Farmland to guarantee full payment of the annuity benefits established in the 1984 order. This court must determine whether the trial court erred in amending the judgment.
The leading case on a court's inherent authority to interpret or clarify an order is Stieler v. Stieler, 244 Minn. 312, 70 N.W.2d 127 (Minn.1955). That case provides
that the interpretation or clarification of a judgment, ambiguous or uncertain upon its face, involves neither an amendment of its terms nor a challenge to its validity, and that, where, because of its language, it is of doubtful meaning or open to diverse constructions, it may be clarified by the tribunal which ordered it.
Id. at 319, 70 N.W.2d at 131 (citations omitted). Determining whether language is ambiguous is a legal question. Blattner v. Forster, 322 N.W.2d 319, 321 (Minn.1982). Language is ambiguous if it is reasonably susceptible to more than one interpretation. Columbia Heights Motors v. Allstate Ins., 275 N.W.2d 32, 34 (Minn.1979). This court need not give deference to the trial court's ruling on such legal issues. Frost-Benco Elec. Ass'n v. Minnesota Public Utils. Comm'n., 358 N.W.2d 639, 642 (Minn.1984).
The 1984 order provides that:
Defendants shall purchase and deliver to Donald Gray, as father and natural guardian of Kristine Gray, an annuity from a reputable insurance company that will provide the following monetary benefits to Kristine Gray: * * * Contemporaneously therewith, Donald Gray, as father and natural guardian of Kristine Gray, shall deliver to Defendants, and each of them, a satisfaction of said Judgment. * * * This Release extends and applies to * * * all unknown, unforeseen, unanticipated, and unsuspected injuries, damages, loss and liabilities.
This language is not ambiguous as to whether Farmland has guaranteed the full payment of the annuity benefits. The order discusses guaranteed monthly payments for 30 years in reference to a term of the annuity contract. That does not constitute a guarantee by Farmland that all annuity benefits would be paid in full. There is no language in the order indicating that Farmland should guarantee the payments contracted for in the annuity. There is no evidence that the parties intended to protect Kristine Gray's interest beyond contracting with a "reputable insurance company." The trial court erred in concluding that the order was ambiguous on its face with respect to the guarantee and in using its inherent power to clarify the order to include such a guarantee.
Kristine Gray also argues that the trial court had authority to amend the 1984 order pursuant to Minn.R.Civ.P. 60.02(f), which provides that, on motion brought within a reasonable time of the judgment, a court may relieve a party from a final judgment. Under rule 60.02(f), the court may grant such relief as is just for any reason other than *517 those listed in clauses (a)-(e) of rule 60.02.[1]Id. Under clause (f), "[R]elief is available only under exceptional circumstances." Chapman v. Special Sch. Dist. No. 1, 454 N.W.2d 921, 924 (Minn.1990). The parties' failure to include in the settlement agreement a guarantee from Farmland against reduced annuity payments does not constitute "exceptional circumstances" warranting relief under rule 60.02(f).
Moreover, section 10 of the settlement agreement provides that the "sole remedy for breach of this Agreement shall be the remedy of specific performance." Thus, the agreement itself prohibits the relief granted by the trial court. The only relief potentially available to Kristine Gray is specific performance of the settlement agreement.

DECISION
Because the language of the 1984 order is not ambiguous and the relief granted by the trial court is precluded by the settlement agreement, the trial court erred in amending the judgment to include Farmland's guarantee of full payment of the annuity benefits contracted for in the settlement agreement.
Reversed.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.
[1] Reasons listed in clauses (a)-(e) include: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; and fraud, misrepresentation, or other misconduct of an adverse party. Minn.R.Civ.P. 60.02. Even if ELIC's insolvency, or Kristine Gray's failure to protect against it, could be characterized as excusable neglect or any other of these reasons, her motion would fail because rule 60.02 requires that a motion on these grounds be made "not more than 1 year after the judgment, order, or proceeding was entered." Id.