David S. Holman, The Law Office of David S. Holman, Ltd., Burnsville, Minnesota (for respondent)
Timothy R. Maher, Joseph D. Kantor, Guzior Armbrecht Maher, Minneapolis, Minnesota (for appellants)
Considered and decided by Johnson, Presiding Judge; Ross, Judge; and Jesson, Judge.
JOHNSON, Judge *14 This appeal arises from a judgment that was entered after the filing of a confession of judgment that was executed more than four years earlier. The two parties who had executed the confession of judgment moved to vacate the judgment on the ground that the confession of judgment was filed after the statute of limitations had expired. The district court denied the motion after applying the four-part test stated in Finden v. Klass , 268 Minn. 268, 128 N.W.2d 748 (1964). We conclude that the four-part Finden test does not apply to a motion based on paragraph (f) of rule 60.02 of the Minnesota Rules of Civil Procedure. Therefore, we reverse and remand.
FACTS
Gary Contracting and Trucking Company, LLC (hereinafter GCTC), which is owned by Gary Boryczka, is engaged in the construction business. Buck Blacktop, Inc., is in the paving business. In 2011, GCTC hired Buck Blacktop to perform paving on six construction projects. But GCTC did not pay Buck Blacktop for the work that it performed.
In 2013, Buck Blacktop retained an attorney to collect the debt owed by GCTC. On May 21, 2013, after negotiations between the parties, Boryczka executed a confession of judgment in the amount of $ 51,824.31 on behalf of GCTC and himself. The confession of judgment states that it was "made in conformity with Minn. Stat. § 548.22, for the purpose of settling and confessing judgment in this action." The confession of judgment also states that GCTC and Boryczka "consent to the immediate entry of judgment in the aforementioned amount and waive stay of execution thereon."
Buck Blacktop did not immediately file the confession of judgment. The parties engaged in further discussions and agreed that GCTC could "work off" the outstanding debt on future construction projects. But, according to Buck Blacktop's president, "no such projects occurred." Neither GCTC nor Boryczka made any payments on the debt.
On November 10, 2017, more than four years after GCTC and Boryczka executed the confession of judgment, Buck Blacktop filed it with the Ramsey County District Court. In an accompanying affidavit, Buck Blacktop requested that interest be added to the principal. On November 14, 2017, the district court administrator entered a judgment in favor of Buck Blacktop and against GCTC and Boryczka in the amount of $ 60,871.02. The district court administrator sent notice of the judgment to GCTC, Boryczka, and Buck Blacktop. Boryczka actually became aware of the judgment in December 2017.
On February 27, 2018, Buck Blacktop served a garnishment summons on a bank at which GCTC had an account. Buck Blacktop was able to seize $ 15,612.81 in cash. The next day, GCTC and Boryczka served and filed a motion to vacate the November 14, 2017 judgment pursuant to rule 60.02 of the rules of civil procedure. In their memorandum of law, GCTC and Boryczka argued that they are entitled to relief under paragraphs (d) and (f) of rule 60.02 on the grounds that the confession of judgment was not timely filed within one year and that it does not comply with all statutory requirements. In response, *15 Buck Blacktop argued that a one-year limitations period does not apply to the confession of judgment and that GCTC and Boryczka waived any argument that the confession of judgment does not comply with statutory requirements.
In May 2018, after a hearing, the district court filed a seven-page order and memorandum in which it denied GCTC and Boryczka's motion to vacate the November 14, 2017 judgment. With respect to paragraph (f) of rule 60.02, the district court reasoned that GCTC and Boryczka satisfied the first requirement of the four-part Finden test because they have a reasonable statute-of-limitations defense and have reasonable defenses against the addition of interest and the form of the confession of judgment. But the district court reasoned that GCTC and Boryczka did not satisfy the second requirement of the Finden test because they knew that the confession of judgment could be filed at any time and did not establish a reasonable excuse for failing to pay their debt. The district court also reasoned that GCTC and Boryczka did not satisfy the third requirement because they did not act diligently in the three months following the entry of judgment. And the district court further reasoned that GCTC and Boryczka did not satisfy the fourth requirement because Buck Blacktop would be substantially prejudiced if the judgment were vacated. With respect to paragraph (d) of rule 60.02, the district court reasoned that, even if the judgment were erroneous, an erroneous judgment is not void. GCTC and Boryczka appeal.
ISSUE
Does the four-part test stated in Finden v. Klass , 268 Minn. 268, 128 N.W.2d 748 (1964), apply to a motion based on paragraph (f) of rule 60.02 of the Minnesota Rules of Civil Procedure ?
ANALYSIS
Appellants argue that the district court erred by denying their motion to vacate the November 2017 judgment. They challenge the district court's ruling only with respect to their request for relief under paragraph (f) of rule 60.02 ; they do not challenge the district court's ruling with respect to their request for relief under paragraph (d) of rule 60.02.
Appellants' argument has two parts. They first contend that the district court erred by applying the four-part Finden test to their request for relief under paragraph (f) of rule 60.02. They contend in the alternative that, even if the Finden test applies, the district court erred by reasoning that they did not satisfy each of the four requirements of the test.
A.
The rule on which appellants' motion is based provides as follows:
On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... and may order a new trial or grant such other relief as may be just for the following reasons:
(a) Mistake, inadvertence, surprise, or excusable neglect;
(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 59.03;
(c) Fraud ..., misrepresentation, or other misconduct of an adverse party;
(d) The judgment is void;
(e) The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *16 (f) Any other reason justifying relief from the operation of the judgment.
Minn. R. Civ. P. 60.02. A motion under rule 60.02 "shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken." Id.
Rule 60.02 was adopted in 1951 when the supreme court promulgated the Minnesota Rules of Civil Procedure, which became effective in 1952. See Order of Promulgation of the Rules Governing the Regulation of Pleadings, Practice, Procedure, and the Forms Thereof in the District Courts of the State of Minnesota , No. 151882 (Minn. June 25, 1951). Before the existence of rule 60.02, a statute provided, among other things, that a district court, "in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders, or proceedings." Minn. Stat. § 544.32 (1949).
In Hinz v. Northland Milk & Ice Cream Co. , 237 Minn. 28, 53 N.W.2d 454 (1952), the supreme court applied section 544.32 to a claim of excusable neglect. Id. at 455-57. The defendant's insurer failed to forward the summons and complaint to the defendant's attorney until after the time for answering had expired, and the district court entered default judgment for the plaintiff. Id. at 455. The defendant moved to open the judgment pursuant to section 544.32, but the district court denied the motion. Id. On appeal, the supreme court synthesized its prior caselaw and stated that a district court has a "duty" to
grant a motion to open a default judgment ... if the party in default shows that he (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) that no substantial prejudice will result to the other party.
Id. at 455-56 (citing Rodgers v. U.S. & Dominion Life Ins. Co. , 127 Minn. 435, 149 N.W. 671, 671-72 (1914)).
In Johnson v. Nelson , 265 Minn. 71, 120 N.W.2d 333 (1963), the supreme court applied the four-part rule of Hinz to a motion filed under rule 60.02. The district court entered a default judgment after the defendant did not serve and file an answer. Id. at 334-35. The defendant moved to vacate the default judgment pursuant to rule 60.02, and the district court granted the motion. Id. at 335. On appeal, the supreme court stated that a district court has discretion under rule 60.02 to vacate a default judgment if the moving party makes a showing of the four requirements identified in Hinz , which the supreme court quoted. Id.
In Finden , the supreme court relied on both Hinz and Johnson and restated the four-part test. The district court entered a default judgment after the defendant's attorney neglected to serve and file an answer. 128 N.W.2d at 749-50. The defendant moved to vacate the default judgment pursuant to rule 60.02, and the district court denied the defendant's motion. Id. at 750. On appeal, the supreme court stated that a district court
should relieve a defendant from the consequences of his attorney's neglect in those cases where defendant (a) is possessed of a reasonable defense on the merits, (b) has a reasonable excuse for his failure or neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) (shows) that no substantial prejudice will result to the other party.
Id. (quoting Hinz , 53 N.W.2d at 456, and Johnson , 120 N.W.2d at 335 ).
*17 Since Finden , the supreme court has applied the four-part test in other cases in which a party seeks relief under rule 60.02 from judgments that were entered due to an attorney's neglect. See, e.g. , Gams v. Houghton , 884 N.W.2d 611, 615-21 (Minn. 2016) ; Cole v. Wutzke , 884 N.W.2d 634, 637-39 (Minn. 2016) ; Nguyen v. State Farm Mut. Auto. Ins. Co. , 558 N.W.2d 487, 490-91 (Minn. 1997) ; Nelson v. Siebert , 428 N.W.2d 394, 394-95 (Minn. 1988) ; Charson v. Temple Israel , 419 N.W.2d 488, 491-92 (Minn. 1988) ; Conley v. Downing , 321 N.W.2d 36, 40-41 (Minn. 1982). In these cases, the supreme court typically has considered whether the attorney's neglect was excusable, thereby making express reference to the language of paragraph (a) of rule 60.02. See, e.g. , Gams , 884 N.W.2d at 620-21 ; Cole , 884 N.W.2d at 637 ; Nguyen , 558 N.W.2d at 490-91 ; Nelson , 428 N.W.2d at 395 ; Charson , 419 N.W.2d at 490 ; Conley , 321 N.W.2d at 40. It appears that the supreme court never has applied the Finden test to a motion based on paragraphs (b), (c), (d), or (e).
B.
As stated above, appellants contend that the district court erred by applying the Finden test to their motion, which is based on paragraph (f) of rule 60.02. Appellants contend that the Finden test applies only to motions to vacate a default judgment brought pursuant to rule 60.02(a). In response, Buck Blacktop contends that the Finden test applies to any motion brought pursuant to any paragraph of rule 60.02. Because the parties' contentions raise a question of law, we apply a de novo standard of review. See Walsh v. U.S. Bank, N.A. , 851 N.W.2d 598, 601 (Minn. 2014).
Our research reveals that the supreme court never has applied the Finden test to a motion based on paragraph (f) of rule 60.02. Likewise, it appears that this court never has issued a published opinion applying the Finden test to a motion based on paragraph (f) of rule 60.02.[1] The absence of such caselaw lends support to appellants' contention that the four-part Finden test does not apply to a motion brought pursuant to paragraph (f) of rule 60.02.
We are mindful that the supreme court, in discussing rule 60.02 generally, has stated, "These motions are denied or granted *18 at the discretion of the trial court after it considers the facts before it and after it has applied the four-part test adopted in Hinz ." Chapman v. Special Sch. Dist. No. 1 , 454 N.W.2d 921, 923 (Minn. 1990). We do not interpret this statement to mean that the four-part Finden test (which mirrors the four-part Hinz test) applies to every motion brought under rule 60.02. The movant in Chapman sought relief under paragraphs (a), (c), and (f) of rule 60.02. Id. at 923-24. The supreme court concluded that the motion was untimely with respect to paragraphs (a) and (c) because the motion was brought more than three years after judgment was entered. Id. In addition, the supreme court concluded that paragraph (f) did not apply because it is a residual clause "designed only to afford relief in those circumstances exclusive of the specific areas addressed by clauses (a) through (e)." Id. at 924. Accordingly, the supreme court did not apply the Finden test in Chapman . Id. Thus, the Chapman opinion does not stand for the proposition that the Finden test applies to a motion based on paragraph (f).
Buck Blacktop urges us to affirm the district court's application of the Finden test in this case because this court previously has stated "that the 'rules for vacation of default judgments apply to all judgments.' " Banque Internationale Luxembourg v. Dacotah Cos. , 413 N.W.2d 850, 853 (Minn. App. 1987) (quoting Lyon Development Corp. v. Ricke's, Inc. , 296 Minn. 75, 207 N.W.2d 273, 279 (1973) ). This statement was made in the context of an argument that a district court erred by requiring the appellant to post a bond as a condition of vacating a judgment. Id. The vacated judgment was entered after the respondent had filed a confession of judgment, and the appellant argued that, although a bond may be required when vacating a default judgment, a bond may not be required when vacating a judgment based on a confession of judgment. Id. We rejected the argument, reasoning that "[t]he language of the rule draws no distinctions between the authority given trial courts to vacate default judgments and to vacate other judgments." Id. The supreme court opinion on which we relied also does not support Buck Blacktop's argument. In Lyon Development Corporation , the supreme court considered a motion to vacate based in part on clause (6) (which now is paragraph (f)) of rule 60.02 and determined that the moving party was entitled to relief without application of the four-part Finden test. 207 N.W.2d at 279. Thus, this court's opinion in Banque Internationale does not stand for the proposition that the Finden test applies to a motion based on paragraph (f).
The federal caselaw further supports appellants' argument. The federal caselaw is relevant because "[w]hen our rules of practice are modeled after the federal rules, federal cases interpreting the federal rule are helpful and instructive." Johnson v. Soo Line R.R. Co. , 463 N.W.2d 894, 899 n.7 (Minn. 1990). The language of Minnesota rule 60.02 is nearly identical to the language of federal rule 60(b), and clauses (1) and (6) of federal rule 60(b) are nearly identical to paragraphs (a) and (f) of Minnesota rule 60.02. Compare Fed. R. Civ. P. 60(b) with Minn. R. Civ. P. 60.02. In fact, the supreme court has referred to federal rule 60(b) as a guide when interpreting Minnesota rule 60.02. See Newman v. Fjelstad , 271 Minn. 514, 137 N.W.2d 181, 186 (1965).
The federal courts, like the Minnesota courts, apply a multi-part test to motions to vacate based on claims of excusable neglect. Under the federal caselaw, whether a party's neglect is excusable depends on "all relevant circumstances surrounding the party's omission," including "the danger *19 of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship , 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). Our review of the federal caselaw indicates that this multi-part test typically is applied to motions based on clause (1) of federal rule 60(b). See, e.g. , In re Guidant Corp. Implantable Defibrillators Products Liab. Litig. , 496 F.3d 863, 866 (8th Cir. 2007). We are unaware of any federal caselaw in which that multi-part test has been applied to motions based on clause (6) of federal rule 60(b).
Furthermore, the original purpose of the four-part Finden test was to determine whether an attorney's or party's neglect is excusable, which is the subject of paragraph (a) of rule 60.02. But the excusable-neglect concept in paragraph (a) is not implicated in a motion filed pursuant to paragraph (f) "because Rule 60.02(f) is a residual clause," which means that "parties can obtain relief under Rule 60.02(f) only where the reason for vacating the judgment does not fall under some other part of Rule 60.02." Kern v. Janson , 800 N.W.2d 126, 133 (Minn. 2011). In short, paragraphs (a) through (e) and paragraph (f) are mutually exclusive. See Chapman , 454 N.W.2d at 924 ; Newman , 137 N.W.2d at 186. Accordingly, we cannot assume that the four-part Finden test is helpful in determining whether there is "[a]ny other reason justifying relief from the operation of the judgment," which is the inquiry required by paragraph (f). Minn. R. Civ. P. 60.02(f) (emphasis added).
This case is an illustration of the incongruity between the four-part Finden test and paragraph (f). There were no adversarial proceedings between the parties in the district court before the district court administrator entered the judgment that is at issue. "As a practical matter, entry of judgment based on a plea of confession does not require a hearing and therefore the debtor does not have the opportunity to raise the statute of limitations defense." Majestic Inc. v. Berry , 593 N.W.2d 251, 256 (Minn. App. 1999), review denied (Minn. Aug. 18, 1999). Accordingly, the question whether appellants have "a reasonable excuse for [their] failure or neglect to answer" simply does not fit the circumstances of the case. See Finden , 128 N.W.2d at 750. Appellants did not allege or admit any neglect in their motion papers, for understandable reasons. We must assume that they deliberately chose to base their motion not on paragraph (a) but only on paragraph (d) (which they have since abandoned) and paragraph (f). To apply the Finden test to appellants' motion would be unfair in light of the caselaw clearly stating that a moving party must satisfy all four requirements of the Finden test. See Gams , 884 N.W.2d at 619-20.
In sum, because neither the supreme court nor this court has expressly held that the Finden test applies to a motion based on paragraph (f) of rule 60.02, because the federal courts have not applied a similar multi-part test to motions based on federal rule 60(b)(6), and because the purpose of the Finden test is different from that of the residual clause of rule 60.02, we conclude that the Finden test does not apply to appellants' motion to the extent that it is based on paragraph (f) of rule 60.02.[2] Thus, the district court erred *20 by applying the Finden test to appellants' motion to vacate the November 14, 2017 judgment.
C.
On remand, the district court shall apply, in the first instance, the principles relevant to a motion to vacate based on paragraph (f) of rule 60.02.
To reiterate, paragraph (f) authorizes a district court to grant relief from a judgment or order for "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02(f). "[R]elief is available under Rule 60.02(f) only in 'exceptional circumstances.' " Kern , 800 N.W.2d at 133 (quoting Chapman , 454 N.W.2d at 924 ). Furthermore, paragraph (f) "is couched in very broad terms" and "gives to the court the power to relieve a party of a final judgment in the exercise of its sound discretion," so long as the motion is brought within a reasonable time and is properly based on paragraph (f). Sommers v. Thomas , 251 Minn. 461, 88 N.W.2d 191, 195 (1958) (discussing rule 60.02(6), predecessor of rule 60.02(f) ).
Whether a motion is made within a reasonable time "depends upon all of the facts and circumstances involved," and the district court may consider "whether any prejudice will result to the other party if the motion is granted." Simons v. Schiek's, Inc. , 275 Minn. 132, 145 N.W.2d 548, 552 (Minn. 1966) (interpreting rule 60.02(6), predecessor of rule 60.02(f) ). A motion is properly based on paragraph (f) if it asserts "exceptional circumstances not addressed by clauses (a) through (e)." City of Barnum v. Sabri , 657 N.W.2d 201, 207 (Minn. App. 2003). If a party seeks to vacate a judgment that was entered based on the filing of a confession of judgment, "A motion to vacate a judgment for failure to comply with the statute of limitations would logically fall under rule 60.02(f)." Majestic Inc. , 593 N.W.2d at 256.
If a motion based on paragraph (f) is timely, and if paragraph (f) is applicable, the party seeking relief "must ... establish a meritorious claim." Western Lake Superior Sanitary Dist. v. Interpace Corp. , 454 N.W.2d 449, 452 (Minn. App. 1990) ; see also In re Welfare of B.J.J. , 476 N.W.2d 525, 527 (Minn. App. 1991). "Relief under this residual clause is appropriate when the equities weigh heavily in favor of the party seeking relief and relief is required to avoid an unconscionable result." Hovelson v. U.S. Swim & Fitness, Inc. , 450 N.W.2d 137, 142-43 (Minn. App. 1990), review denied (Minn. Mar. 16, 1990).[3]
*21 DECISION
The district court erred by applying the four-part Finden test to appellants' motion to vacate the November 14, 2017 judgment to the extent that the motion is based on paragraph (f) of rule 60.02. Therefore, we reverse and remand for further proceedings.
Reversed and remanded.

This is so notwithstanding this court's opinion in Carter v. Anderson , 554 N.W.2d 110 (Minn. App. 1996), review denied (Minn. Dec. 23, 1996), which neither party has discussed. In Carter , the plaintiff sought relief under paragraphs (a) and (f) of rule 60.02, and the district court granted relief, in part. Id. at 112. The issue on appeal was whether paragraph (f) of rule 60.02 could be invoked to correct judicial error. Id. at 113. After reviewing the caselaw, we concluded that "it is doubtful that Rule 60.02 can be used as a substitute for appeal based on a perceived judicial error." Id. at 114. Nonetheless, we assumed without deciding that rule 60.02 could be so employed and proceeded, apparently sua sponte , to determine whether the plaintiff had satisfied the four requirements of the Finden test. See id. at 114-15. The opinion states that the district court did not apply the Finden test, id. at 115, but the opinion does not indicate whether any of the parties had asked the district court to apply the Finden test or whether any of the parties had presented an argument concerning the Finden test to this court, see id. Because it appears that the parties in Carter did not raise any issue concerning the applicability of the Finden test, the Carter opinion is not precedential with respect to the question whether the Finden test applies to a motion based on paragraph (f) of rule 60.02. See Skelly Oil Co. v. Commissioner of Taxation , 269 Minn. 351, 131 N.W.2d 632, 645 (1964) (stating that opinions must be read in light of "the specific controversy then before this court"); Chapman v. Dorsey , 230 Minn. 279, 41 N.W.2d 438, 443 (1950) (stating that opinions are not precedential on issues "never raised or called to the attention of the court").

Our resolution of this appeal is consistent with our opinion in Zetah v. Isaacs , 428 N.W.2d 96 (Minn. App. 1988), in which the appellant made essentially the same argument that appellants are making in this appeal. Id. at 101-02. We resolved Zetah by assuming without deciding that the four-part test of Hinz and Finden does not apply and by reasoning that the moving party had failed to satisfy the test specifically applicable to clause (6). Id. at 102.

The above-stated principles are consistent with the federal caselaw interpreting federal rule 60(b)(6), under which a federal district court has "broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Liljeberg v. Health Services Acquisition Corp. , 486 U.S. 847, 863, 108 S. Ct. 2194, 2204, 100 L.Ed.2d 855 (1988) (quotation omitted); see also Klapprott v. United States , 335 U.S. 601, 613, 69 S. Ct. 384, 389 (1949). Whether a motion is made within a reasonable time "is dependent on the particular facts of the case in question." Watkins v. Lundell , 169 F.3d 540, 544 (8th Cir. 1999). Rule 60(b)(6) "does not particularize the factors that justify relief," but the rule "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' " Liljeberg , 486 U.S. at 863-64, 108 S. Ct. at 2204 (quoting Klapprott , 335 U.S. at 614-15, 69 S. Ct. at 390 ). Rule 60(b)(6) should be applied only in extraordinary circumstances. Gonzalez v. Crosby , 545 U.S. 524, 536, 125 S. Ct. 2641, 2650, 162 L.Ed.2d 480 (2005) ; see also Ackermann v. United States , 340 U.S. 193, 199-200, 71 S. Ct. 209, 212, 95 L.Ed. 207 (1950) ; In re Zimmerman , 869 F.2d 1126, 1128 (8th Cir. 1989). Extraordinary circumstances "are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at" but, rather, "only where they bar adequate redress." Atkinson v. Prudential Prop. Co., Inc. , 43 F.3d 367, 373 (8th Cir. 1994). In determining whether extraordinary circumstances exist, a court "may consider a wide range of factors," including " 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' " Buck v. Davis , --- U.S. ----, 137 S. Ct. 759, 777-78, 197 L.Ed.2d 1 (2017) (quoting Liljeberg , 486 U.S. at 863-64, 108 S. Ct. at 2204 ).