LARKIN, Judge
In 2012, appellant was committed as a sexually dangerous person (SDP) and as a sexual psychopathic personality (SPP). In 2018, appellant moved for a new trial and asked the district court to appoint an attorney to represent him in the proceedings on his motion. As support for his motion, appellant asserted that his court-appointed attorney in the commitment proceedings was under the influence of a mood-altering substance and provided ineffective assistance of counsel as a result. The district court denied appellant's request for court-appointed counsel, as well as his motion for a new trial. Because Johnson did not have a constitutional right to appointed counsel in the proceedings on his motion, and because the district court did not abuse its *653 discretion by denying the motion both as untimely and on the merits, we affirm.
FACTS
In June 2011, respondent Freeborn County petitioned for indeterminate commitment of appellant Jeremy David Johnson as an SDP and an SPP. The district court appointed counsel to represent Johnson in the commitment proceedings and held a two-day trial on the county's petition in November 2011.[1] In March 2012, the district court indeterminately committed Johnson as an SDP and an SPP under Minn. Stat. § 253B.02, subds. 18b, 18c (2010).[2] Johnson did not appeal from the judgment of commitment.[3]
In February 2018, Johnson's court-appointed attorney in the commitment proceedings was charged with first-degree controlled-substance sale and possession after police found drugs in his home while executing a search warrant.
In June 2018, Johnson moved for a new trial under rules 59.03[4] and 60.02[5] of the Minnesota Rules of Civil Procedure, claiming that he received ineffective assistance of counsel in the commitment proceedings. Johnson's motion papers stated that "the newly discovered evidence of his attorney ... having been criminally charged in Blue Earth County District court [with] several Felonies, including but not limited to the sale of methamphetamine, marijuana and other drugs," is "relevant, admissible, and likely to have an effect on the result of [his] civil commitment proceedings." Johnson asserted that his "attorney was under the influence of a mood altering substance, and therefore could not ... do his duty as an attorney." (Emphasis omitted.)
The district court held a hearing on Johnson's motion. Johnson appeared pro se and asked the district court to appoint an attorney to represent him in the proceedings. The county had previously indicated to the district court that it opposed appointment of counsel, arguing that because "a Rule 60.02 motion is not a proceeding under the commitment act," Johnson was not entitled to court-appointed counsel. See In re Civil Commitment of Moen , 837 N.W.2d 40, 43, 50-51, 50 n.2 (Minn. App. 2013) (stating that a patient who has been committed as an SDP does not have a statutory right to counsel under Minn. Stat. § 253B.07, subd. 2c (2012), for purposes of a rule 60.02 motion, and noting that chapter 253D includes a statutory *654 right to counsel that is substantively the same as right to counsel in chapter 253B), review denied (Minn. Oct. 15, 2013). The district court denied Johnson's request for court-appointed counsel.
The district court also denied Johnson's new-trial motion, reasoning that it was untimely and that it failed on the merits. As to the merits, the district court reasoned that Johnson failed to provide any evidence to support his assertion that his former attorney was under the influence of chemicals during the commitment proceedings, that the record indicated that his former attorney's performance did not fall below an objective level of competence, that the evidence established that Johnson met the criteria for commitment, and that it is unlikely that a different strategy by Johnson's former attorney would have changed the result. Johnson appeals.
ISSUES
I. Did the district court err by not appointing counsel to represent Johnson in the proceedings on his motion for a new trial?
II. Did the district court err by denying Johnson's new-trial motion as untimely?
III. Did the district court err by denying Johnson's new-trial motion on the merits?
ANALYSIS
I.
Johnson contends that the district court erred by denying his request for court-appointed counsel to represent him in the proceedings on his new-trial motion. He argues that "the due process clause of the constitution sometimes requires that an indigent respondent must be granted a court-appointed attorney in civil proceedings which affect important rights" and that "courts have widely recognized a constitutional right to court-appointed counsel in civil commitment proceedings." He further argues that "courts have recognized the constitutional necessity of providing court-appointed counsel to committed persons even during various ancillary points in the proceedings."
Whether the district court violated a constitutional right to court-appointed counsel is an issue of law reviewed de novo. State v. Andersen , 871 N.W.2d 910, 916 (Minn. 2015).
This court rejected a constitutional claim to counsel in Beaulieu v. Minn. Dep't of Human Servs. , holding that "[t]he Due Process Clause of the Fourteenth Amendment to the United States Constitution does not confer a right to counsel on a person who is the subject of a civil-commitment proceeding." 798 N.W.2d 542, 543 (Minn. App. 2011), aff'd on other grounds , 825 N.W.2d 716 (Minn. 2013). In doing so we noted that
neither the United States Supreme Court nor the Minnesota Supreme Court has held that the Due Process Clause of the Fourteenth Amendment confers a right to the effective assistance of counsel on a person who is the subject of a civil-commitment proceeding. That proposition has been recognized in only one federal circuit court and adopted by only two state supreme courts.
Id. at 549-50.
For those same reasons, we decline to recognize a constitutional right to court-appointed counsel in a collateral proceeding, under rule 60.02 of the Minnesota Rules of Civil Procedure, attacking the validity of a civil-commitment judgment. Thus, the district court did not err by denying Johnson's constitutionally based request for appointed counsel.
II.
Johnson contends that the district court erred by denying his new-trial motion as *655 untimely. We address each of the relevant timing provisions in turn.
Timeliness Under Minn. R. Civ. P. 59.03
Minn. R. Civ. P. 59.03 provides, "A notice of motion for a new trial shall be served within 30 days after a general verdict or service of notice by a party of the filing of the decision or order." The 30-day time limit to serve a notice of motion for a new trial under Minn. R. Civ. P. 59.03 is absolute and may not be extended by the district court. See Minn. R. Civ. P. 6.02 (stating that the district court "may not extend the time for taking any action under" rule 59.03, "except to the extent and under the conditions stated" therein); Minn. R. Civ. P. 59.03 (providing no allowance for extension of the time for service of a notice of motion for a new trial). An appellate court reviews the district court's decision to dismiss a new-trial motion under rule 59.03 for an abuse of discretion. Rubey v. Vannett , 714 N.W.2d 417, 422-24 (Minn. 2006).
The district court ruled that Johnson's new-trial motion was "untimely by more than 6 years" under rule 59.03 because the 30-day timeframe to move for a new trial under rule 59.03 began when the district court entered judgment on March 23, 2012. Johnson does not argue that his motion was timely. Instead, he argues that "there is no way he could have filed the motion within 30 days, because he did not know at the time of his civil commitment [that] his attorney ... was using/selling drugs" and did not become "aware of this issue" until February 2018. Johnson's argument is unavailing because the time limit in rule 59.03 is absolute and the district court could not excuse Johnson's noncompliance. See Minn. R. Civ. P. 6.02. Moreover, "a motion for a new trial cannot be filed after the time to appeal the resulting judgment has expired." Mingen v. Mingen , 679 N.W.2d 724, 727 (Minn. 2004) ; see Minn. R. Civ. App. P. 104.01 (stating that "an appeal may be taken from a judgment within 60 days after its entry").
In sum, the district court did not abuse its discretion by denying Johnson's motion under rule 59.03 as untimely.
Timeliness Under Minn. R. Civ. P. 60.02
Rule 60.02 provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment ..., order, or proceeding and may order a new trial or grant such other relief as may be just" and lists six grounds for relief in paragraphs (a) through (f). Rule 60.02 provides that a "motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken." This court reviews a district court's denial of a rule 60.02 motion for an abuse of discretion. Moen , 837 N.W.2d at 44-45.
In district court, Johnson cited paragraphs (b) and (f) as grounds for relief. As to rule 60.02(b), a court may grant relief because of "[n]ewly discovered evidence which by due diligence could not have been discovered in time to move for a new trial pursuant to Rule 59.03." As to rule 60.02(f), a court may grant relief based on "[a]ny other reason justifying relief from the operation of the judgment." "Clause (f) of Rule 60.02 is a residual clause, designed to afford relief only under exceptional circumstances not addressed by clauses (a) through (e)." City of Barnum v. Sabri , 657 N.W.2d 201, 207 (Minn. App. 2003). The residual clause "is not intended to extend the time limit for granting relief under the other clauses of Rule 60.02." Zetah v. Isaacs , 428 N.W.2d 96, 100 (Minn. App. 1988).
*656 The district court ruled that "Johnson's claims, brought over six years after his attorney's allegedly incompetent acts, are far past the one-year deadline allowed by [ rule 60.02 ] and accordingly must be rejected as untimely."
The state challenges Johnson's reliance on paragraph (b) of rule 60.02, arguing that "[i]neffective-assistance-of-counsel claims are properly brought under the 'excusable neglect' part of paragraph (a)" and that "Johnson's claim regarding his counsel's conduct at trial must be brought" under that paragraph. See Chapman v. Special Sch. Dist. , 454 N.W.2d 921, 923 (Minn. 1990) (noting that "[a]ttorney misconduct has been characterized as 'excusable neglect' under clause (a)"). The state further argues that "[b]ecause claims regarding the conduct of counsel are addressed in clause (a), Johnson could not rely on paragraph (f)." See id. at 924 (stating that clause (f) is a residual clause "designed only to afford relief in those circumstances exclusive of the specific areas addressed by clauses (a) through (e)"). Johnson argues that his motion does not fall under clause (a) because his claim "is not based on ... inadvertence or excusable neglect, but on gross errors [resulting from his attorney's] drug and alcohol addiction."
We need not decide whether Johnson's motion should have been brought under paragraph (a), and not (b), because it was untimely under either paragraph. Moreover, we need not decide whether Johnson's claim is addressed by paragraph (a) or (b), such that paragraph (f) is inapplicable, because Johnson's motion was untimely under paragraph (f).
This court recently reiterated that relief is available under paragraph (f) only in "exceptional circumstances." Buck Blacktop, Inc. v. Gary Contracting & Trucking Co. , 929 N.W.2d 12, 20, 2019 WL 1983846, at *6 (Minn. App. May 6, 2019) (quotations omitted). "Whether a motion is made within a reasonable time [under paragraph (f) ] depends upon all of the facts and circumstances involved ...." Id. (quotation omitted).
Johnson argues that "[u]nder the exceptional circumstances [of this case], [his] motion was filed in a reasonable time." We disagree. The alleged ineffective performance on which Johnson relies, which is described in section III of this opinion, occurred during the original commitment proceedings in 2011 and was known to Johnson at that time.[6] Thus, Johnson could have raised his claim of ineffective assistance of counsel immediately after the original commitment proceedings. These circumstances do not satisfy the requirement that a motion under rule 60.02(f) be brought within a reasonable time.
In sum, the district court did not abuse its discretion by denying Johnson's motion under rule 60.02 as untimely.
III.
Johnson contends that the district court erred by denying his new-trial motion on the merits. Johnson complains that "the district court did not make explicit findings on any of the Finden factors." See Finden v. Klaas , 268 Minn. 268, 128 N.W.2d 748, 749-50 (1964) (setting forth factors for deciding whether to grant relief when default judgment is entered solely because of "neglect of counsel"). Because Johnson seeks *657 relief under rule 60.02(f), the Finden factors are inapplicable. Buck Blacktop , 929 N.W.2d at 13, 2019 WL 1983846, at *1. ("The four-part test stated in Finden ... does not apply to a motion based on paragraph (f) of rule 60.02 of the Minnesota Rules of Civil Procedure.").
As to the district court's ruling on the merits of Johnson's underlying claim, a person who is indeterminately committed as an SDP or an SPP may bring an ineffective-assistance-of-counsel claim under Minn. R. Civ. P. 60.02. In re Civil Commitment of Lonergan , 811 N.W.2d 635, 643 (Minn. 2012). This court analyzes ineffective-assistance-of-counsel claims in civil-commitment cases under the Strickland standard that applies in criminal cases.[7] In re Alleged Mental Illness of Cordie , 372 N.W.2d 24, 28-29 (Minn. App. 1985), review denied (Minn. Sept. 26, 1985); see also In re Dibley , 400 N.W.2d 186, 190 (Minn. App. 1987) (noting that this court has adopted the ineffective-assistance-of-counsel standard for criminal cases in the civil-commitment context), review denied (Minn. Mar. 25, 1987).
To prevail under Strickland , a defendant "must show that counsel's representation fell below an objective standard of reasonableness" (the performance factor) and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice factor). 466 U.S. at 687-88, 694, 104 S. Ct. at 2064, 2068 ; see also State v. Rhodes , 657 N.W.2d 823, 842 (Minn. 2003) (applying Strickland to a claim of ineffective assistance of counsel).
We review a claim of ineffective assistance of counsel de novo. Rhodes , 657 N.W.2d at 842. Appellate courts apply "a strong presumption that [an attorney's] performance falls within the wide range of 'reasonable professional assistance.' " State v. Jones , 392 N.W.2d 224, 236 (Minn. 1986). General assertions of error without evidentiary support are inadequate to establish ineffective assistance of counsel. See, e.g. , State v. Miller , 666 N.W.2d 703, 717-18 (Minn. 2003) (rejecting claim that trial counsel was ineffective because of a conflict of interest where defendant provided no evidence to show that conflict of interest existed). Moreover, a reviewing court generally "will not review attacks on counsel's trial strategy." Opsahl v. State , 677 N.W.2d 414, 421 (Minn. 2004). "[D]ecisions about objections at trial are matters of trial strategy ...." State v. Mosley , 895 N.W.2d 585, 592 (Minn. 2017) (quotation omitted).
The Performance Factor
As to the first Strickland factor, Johnson asserts that his attorney "failed to object to or challenge the commitment petition," "failed to object to or challenge the use of [a doctor] as a witness and the reports of both pre-petition examiners as evidence," "fail[ed] to object to or challenge the report & testimony of witnesses," "failed to object to or challenge inaccurate testimony & evidence," "[failed to] support his arguments and misstated the law," and "failed to provide [a less] restrictive alternative."
We note that many of Johnson's assertions relate to matters of trial strategy, which generally are not subject to judicial review. See Opsahl , 677 N.W.2d at 421. We also note that some of Johnson's assertions are refuted by the record. For example, he argues that his court-appointed attorney *658 "failed to object to or challenge ... the reports of both prepetition examiners as evidence" and that "[t]he State knew at the time of petition that one Court appointed examiner supported commitment and one did not." In fact, exhibits of record indicate that only one prepetition report was admitted as evidence at the trial and that both court-appointed examiners recommended commitment.
Moreover, Johnson fails to provide record support for many of his assertions. For example, we cannot determine whether Johnson's assertions regarding his attorney's performance at the commitment trial are accurate because Johnson did not provide this court a transcript of the trial. It is an appellant's burden to provide any transcript necessary for appellate review. See Custom Farm Servs., Inc. v. Collins , 306 Minn. 571, 238 N.W.2d 608, 609 (1976) (stating that "[a]n appellant has the burden of providing an adequate record for appeal" and refusing to consider two arguments "[b]ecause of the absence of a transcript of the district court proceedings").
Lastly, and most importantly, Johnson has not provided factual support for his claim of ineffective assistance of counsel. The crux of Johnson's claim is that his court-appointed attorney's "ineffective counsel was likely caused by his addiction to drugs and alcohol." Yet as the district court reasoned, Johnson has not provided any evidence that his attorney was using drugs or alcohol at the time of the 2011 commitment proceedings. Instead, Johnson points to his attorney's 2018 criminal charges and speculates that "if [his attorney] was high on narcotics during the civil commitment proceeding ..., [his attorney] would not have been effective enough to raise issues in [his] best interest or rebut the state's allegations." (Emphasis omitted.)
A party claiming ineffective assistance of counsel must provide adequate evidentiary and factual support for the claim. See State v. Jackson , 726 N.W.2d 454, 463 (Minn. 2007) (denying ineffective-assistance-of-counsel claim that required consideration of facts that were not in the record). Johnson's speculation that his lawyer was under the influence of drugs and alcohol during his commitment proceedings is insufficient to establish objectively unreasonable representation. See Gates v. State , 398 N.W.2d 558, 563 (Minn. 1987) (stating that "it is not proper under Strickland to base a reversal on speculation").
In sum, Johnson has failed to show that his counsel's representation fell below an objective standard of reasonableness. See Miller , 666 N.W.2d at 718.
The Prejudice Factor
As to the second Strickland factor,
Strickland makes it clear that there is no presumption of prejudice in an ordinary case involving a claim of ineffective assistance of counsel where there is no claim of a conflict of interest by defense counsel; rather, the defendant must show that counsel's errors "actually" had an adverse effect in that but for the errors the result of the proceeding probably would have been different. In determining whether the defendant has made the requisite showing, the court must consider the totality of the evidence before the judge or jury.
Gates , 398 N.W.2d at 562 (citation omitted).
Johnson generally asserts that the outcome of his commitment trial would have been different but for his attorney's allegedly unreasonable representation. But he does not provide any factual context for those assertions. Moreover, our ability to assess whether Johnson's assertions of prejudice have merit is compromised by his failure to provide a trial transcript.
*659 Once again, Johnson had the burden to provide adequate support for his ineffective-assistance-of-counsel claim and to provide a transcript that facilitates review of his claim. See id. at 563 ; Custom Farm , 238 N.W.2d at 609. He did neither.
The district court noted that Johnson's attorney in the underlying commitment proceeding "was a vigorous advocate" on his behalf.[8] The district court explained that, based on the record evidence, including the opinions of both examiners supporting commitment, "it was extremely unlikely that Johnson would have prevailed on the merits by objecting to witnesses or with different or additional cross-examination of the [county's] witnesses." Exhibits of record, including the prepetition report, the court-appointed examiners' reports, past psychosexual evaluations, and records regarding Johnson's past criminal offenses, support the district court's reasoning. Thus, Johnson has provided no basis to conclude that there is a reasonable probability that, but for the alleged unprofessional errors, the result of the proceeding would have been different.
In his reply brief, Johnson argues, "In this case the interest[s] of justice favor (1) reserving decision on the portion of [his] motion claiming ineffective assistance of counsel, and (2) requiring [him to] submit an amended motion and affidavit in support of that claim." He also argues that "[f]urther development of the record is ... necessary for this court to fully address" his ineffective-assistance-of-counsel claim. According to Johnson, this court "must conclude that [he] is entitled to an evidentiary hearing on his claim of ineffective assistance of trial counsel, and reverse and remand for the district court to conduct such a hearing."
In requesting another opportunity to prove his ineffective-assistance-of-counsel claim, Johnson cites cases regarding postconviction relief. Because Johnson does not seek relief from a conviction, Minnesota's postconviction jurisprudence is inapplicable and does not provide a basis for relief. See Minn. Stat. § 590.01, subd. 1 (2018) ("[A] person convicted of a crime , who claims that: (1) the conviction obtained or the sentence or other disposition made violated the person's rights under the Constitution or laws of the United States or of the state ... may commence a proceeding to secure relief ...." (emphasis added)).
In district court, Johnson requested-and obtained-a hearing on his new-trial motion. Johnson did not request an evidentiary hearing or argue that he needed an evidentiary hearing to establish factual support for his ineffective-assistance-of-counsel claim. Johnson has not identified, and we do not discern, a basis to remand this case for that purpose. And because Johnson failed to satisfy both the performance and prejudice factors under Strickland , the district court did not err by denying his request for a new trial on the merits.
DECISION
Because the district court did not err by denying Johnson's request for court-appointed counsel in the proceedings on his motion for a new trial, or by denying that motion both as untimely and on the merits, we affirm.
Affirmed.

Although the relevant commitment statute refers to a "hearing on the commitment petition," and not a "trial," we refer to the two-day hearing as a trial, consistent with the parties' briefs, as well as the rules and caselaw discussed below. See, e.g. , Minn. Stat. § 253B.08, subd. 1(a) (2010) (providing time limits for holding "hearing on the commitment petition").

In 2013, the legislature amended the MCTA by removing provisions regarding SDP and SPP commitments from chapter 253B and moving them to a new chapter 253D, entitled the "Minnesota Commitment and Treatment Act: Sexually Dangerous Persons and Sexual Psychopathic Personalities." 2013 Minn. Laws ch. 49, §§ 1-22, at 210-31.

In January 2013, Johnson moved for relief from the judgment of commitment, arguing that the Minnesota Sex Offender Program failed to provide him with adequate treatment and that his commitment was no longer permissible and had no prospective effect. The district court denied Johnson's motion, and Johnson did not appeal.

Minn. R. Civ. P. 59.01 authorizes the grant of a new trial based on several listed grounds. Minn. R. Civ. P. 59.03 governs the timing of such a request.

Minn. R. Civ. P. 60.02 provides for relief from judgment, which may include a new trial. Because Johnson specifically requested a new trial as his preferred form of relief, we refer to his request under rule 60.02 as a motion for a new trial.

The recently discovered drug charges against Johnson's former attorney purportedly explains his attorney's performance, but an explanation was not necessary to allege ineffective assistance of counsel. As Johnson himself recognizes, his former attorney's allegedly "ineffective counsel was likely caused by his addiction to drugs and alcohol, but ineffective counsel is ineffective counsel regardless of the cause ." (Emphasis added.)

Johnson does not cite to or rely on the Strickland standard. Instead, he cites cases regarding whether a psychological disorder is a mitigating factor in an attorney-discipline proceeding. Because those cases are inapposite, we do not consider them.

The district court judge who ruled on Johnson's new-trial motion also presided over Johnson's commitment trial.