*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0652**

In the Matter of the Civil Commitment of:
Peter Allan aka Peter Allan George.

**Filed October 6, 2025**
**Affirmed**
**Bjorkman, Judge**

Otter Tail County District Court
File No. 56-PR-07-3493

Peter Ista Toto Allan, Moose Lake, Minnesota (pro se appellant)

Keith Ellison, Attorney General, James Austad, Assistant Attorney General, St. Paul, Minnesota; and

Michelle Eldien, Otter Tail County Attorney, Fergus Falls, Minnesota (for respondent Otter Tail County Department of Human Services)

Considered and decided by Slieter, Presiding Judge; Bjorkman, Judge; and Bratvold, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

Appellant challenges the district court's denial of his motion under Minn. R. Civ. P. 60.02(e) for relief from his indeterminate civil commitment. He makes essentially two arguments: (1) he has a right to represent himself in civil-commitment proceedings, and the district court violated that right, amounting to structural error, by appointing counsel; and (2) his motion is proper under rule 60.02 because he does not seek discharge from civil

commitment but vacation of the order appointing counsel that predated his civil commitment. We affirm.

## FACTS

In 2009, following a trial at which he was represented by court-appointed counsel, appellant Peter Allan was indeterminately civilly committed to the Minnesota Sex Offender Program (MSOP). He appealed his commitment, and we affirmed. *In re Civ. Commitment of Allan*, No. A09-1607 (Minn. App. Feb. 23, 2010). He has since pursued various unsuccessful challenges to his commitment, including but not limited to multiple prior motions for relief under Minn. R. Civ. P. 60.02.

In December 2024, Allan filed a motion seeking relief under Minn. R. Civ. P. 60.02(e). He asserted that because *In re Civ. Commitment of Benson*, 12 N.W.3d 711 (Minn. 2024), holds that persons subject to civil-commitment proceedings are entitled to waive counsel, the 2007 appointment of counsel during his initial commitment proceeding was "structural error" requiring "automatic reversal" because it denied him the right to represent himself. And he requested "a waiver of appointment of counsel so he can represent himself at the initial proceedings."

The district court denied the motion, reasoning that (1) Allan is not entitled to relief under *Benson* because he neither requested nor was denied the opportunity to represent himself; and (2) Allan's motion effectively seeks discharge from his civil commitment, which is not a form of relief available under rule 60.02.

Allan appeals.

2

**DECISION**

A party may obtain relief from a judgment if a district court determines that "it is no longer equitable that the judgment should have prospective application." Minn. R. Civ. P. 60.02(e). This may be the case if there has been a change in "the relevant decisional law." *In re Civ. Commitment of Moen*, 837 N.W.2d 40, 48-49 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Oct. 15, 2013). We review the "denial of a rule 60.02 motion for an abuse of discretion." *In re Civ. Commitment of Johnson*, 931 N.W.2d 649, 655 (Minn. App. 2019), *rev. denied* (Minn. Sept. 17, 2019).

Allan principally argues that the district court abused its discretion by determining that he is not entitled to relief because *Benson* changed the relevant decisional law regarding waiver of counsel in commitment proceedings. We begin our analysis by reviewing *Benson*.

Like Allan, Benson has been indeterminately committed to MSOP for many years. *Benson*, 12 N.W.3d at 713. In 2020, he petitioned for a reduction in custody and was appointed counsel for that proceeding. *Id.* at 714. Benson filed a motion requesting permission to ask questions and noting that he "prefers to proceed pro se if at all possible." *Id.* The commitment appeal panel (CAP) hearing his custody-reduction petition effectively denied that request (along with his petition). *Id.* Benson appealed, arguing that the CAP violated his "statutory and constitutional rights to self-representation." *Id.* We rejected both arguments, concluding that (1) based on our prior decisions—*In re Irwin*, 529 N.W.2d 366, 371 (Minn. App. 1995), *rev. denied* (Minn. May 16, 1995), and *In re Civ. Commitment of Emberland*, No. A11-1561, 2012 WL 612320, at *6-7 (Minn. App. Feb. 27, 2012)

3

(following *Irwin*)—he has no such statutory right; and (2) he did not preserve his constitutional argument. *Id.* at 714-15.

The supreme court reversed, reasoning that Minn. Stat. § 253D.20 (2024) unambiguously guarantees the right to counsel for people subject to civil-commitment proceedings but is ambiguous as to whether the right is waivable. *Id.* at 715-16. Ultimately, it concluded that various aspects of that statute's language and its historical context indicate that the legislature "intended the right to counsel established by section 253D.20 to be waivable."[1] *Id.* at 717. In doing so, the supreme court explained that "the right to waive counsel is neither absolute nor unfettered" but exercisable only by those who are competent to enter a knowing and intelligent waiver, much like in criminal cases. *Id.* at 720. And even then, it emphasized, "[i]n most cases, waiving the right to counsel is a bad idea with potentially dire consequences." *Id.* Finally, the supreme court noted that its holding obviated the need to address whether Benson preserved his constitutional argument or decide that argument on the merits. *Id.* at 717, 721 n.13.

Here, the district court concluded that *Benson* does not apply because Allen did not ask to waive counsel and represent himself, as Benson did. Allan does not dispute that he did not object to the order appointing counsel or otherwise seek to waive counsel and

---

[1] Allan asks us to take judicial notice of a federal district court decision in a habeas proceeding that he initiated—specifically the court's description of *Benson* as holding "that a civil commitment petitioner has the right to waive counsel in all commitment and post-commitment proceedings." *Allan v. Gandhi*, No. 24-CV-2458, 2025 WL 1745900 (D. Minn. June 24, 2025). We may take judicial notice of "adjudicative facts in civil cases." Minn. R. Evid. 201(a). But that court's description of *Benson*'s holding is not an adjudicative fact subject to judicial notice.

4

represent himself in his civil-commitment proceeding. Instead, he asserts three reasons why his failure to do so should not preclude him from obtaining relief under rule 60.02. None persuades us to reverse.

First, he contends that, before *Benson*, he was "prohibited" from asking to represent himself by the *Irwin* and *Emberland* decisions that we relied on in rejecting Benson's statutory argument. But the existence of unfavorable caselaw does not prohibit a party from requesting relief. To the contrary, a party may seek relief based on existing law or "a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Minn. R. Civ. P. 11.02(b). *Benson* itself shows that such changes are possible—if parties ask for them.

Second, Allan suggests that, because he has a right to waive counsel, he also has a right to be so advised, and the district court erred by failing to give him such an advisory. He did not present this argument to the district court and, therefore, has not preserved it for appeal. *In re Civ. Commitment of Turner*, 950 N.W.2d 303, 306 (Minn. App. 2020) ("Appellate courts generally will not consider matters not argued to and considered by a district court."). But the argument also fails on the merits. While *Benson* recognizes the right to waive counsel, it does not require an advisory of the right. Nor does the criminal rule that the *Benson* court cited in discussing how a court (or a CAP) in a civil commitment proceeding may determine whether a request to waive counsel is knowing and intelligent. *See Benson*, 12 N.W.3d at 720 (citing Minn. R. Crim. P. 5.04, subd. 1(3), (4)); Minn. R. Crim. P. 5.04, subd. 1 (requiring district court to "advise the defendant of the right to counsel" and discussing procedures for when defendants "wish to represent themselves").

5

Indeed, the supreme court "refer[red] the issue of waiver of counsel in civil commitment proceedings to the relevant advisory committee to recommend any necessary and appropriate procedural rule amendments consistent with this opinion." *Benson*, 12 N.W.3d at 721 (footnote omitted). In short, *Benson* does not require the type of advisory that Allan claims he should have received.

Third, Allan appears to contend that he has a constitutional right to represent himself in civil-commitment proceedings, the district court violated that right by appointing counsel when he did not request it, and the constitutional violation is structural error, requiring reversal. But he did not present a constitutional argument to the district court. His suggestion that he did so by arguing that the appointment of counsel was "structural error" is unconvincing. He premises this argument on *Benson*, in which the supreme court conducted a statutory analysis and expressly declined to decide "whether there is a constitutional right to self-representation in civil commitment proceedings." *Id.* at 721 n.13. Moreover, Allan's own brief—which contains more than 20 pages of constitutional analysis—demonstrates that merely reciting the phrase "structural error" is insufficient to present a constitutional claim. Because Allan did not present a constitutional argument to the district court, he has forfeited the argument for purposes of this appeal. *Turner*, 950 N.W.2d at 306.

In sum, Allan has not demonstrated that the district court abused its discretion by determining that, because he did not ask to represent himself in his civil-commitment proceeding, he is not entitled to relief based on *Benson*.[2]

**Affirmed.**

---

[2] Allan also challenges the district court's determination that his rule 60.02 motion is improper because its ultimate purpose is discharge from civil commitment. Because we affirm the district court's denial of the motion on the merits, we need not address this issue.